MD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Steve J. Krzyzewski, Jr.,

             Plaintiff,

vs.

Joe Arpaio, et al.,

             Defendants.

No.  CV 14-0019-PHX-DGC (BSB)

**ORDER**

On January 6, 2014, Plaintiff Steve Krzyzewski, Jr., who was formerly confined in the Maricopa County Towers Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*.  In an Order dated January 23, 2014, the Court denied the Application to Proceed because it was incomplete and granted Plaintiff 30 days to either file a complete Application to Proceed or pay the filing fees.  On March 5, 2014, Plaintiff filed a Notice of Change of Address indicating he is no longer in custody.  On March 18, 2014, the Court issued an Order to Show Cause directing Plaintiff to either pay the filing fee or show good cause why he cannot pay.  On March 28, 2014, Plaintiff filed a "Motion to Proceed In Forma Pauperis and Supporting Information" (Doc. 9).

The Court will grant the Motion to Proceed and will dismiss the Complaint with leave to amend.

. . . .

. . . .

JDDL-K

I.      **Motion to Proceed In Forma Pauperis**

In his Motion to Proceed In Forma Pauperis, Plaintiff states that he is not employed, has no cash or money in checking or savings accounts, and has no other valuable property such as real estate, stocks, bonds, notes or automobiles.  Plaintiff's Motion complies with the Order to Show Cause.  The Court will, therefore, grant the Motion and will consider the claims in Plaintiff's Complaint.

II.     **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must

1    assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

2    at 681.

3          But as the United States Court of Appeals for the Ninth Circuit has instructed,

4    courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

5    342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

6    stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

7    *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

8          If the Court determines that a pleading could be cured by the allegation of other

9    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

10   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

11   Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may

12   possibly be amended to state a claim, the Court will dismiss it with leave to amend.

13   **III.   Complaint**

14         Plaintiff names Maricopa County Sheriff Joseph M. Arpaio as the only Defendant

15   in his Complaint.  He seeks damages pursuant to *Graves v. Arpaio* and an order that

16   Arpaio "comply with the 1983 settlement and serve inmates 3 meals a day, increase

17   sanitary supplies, [and] post capacity limits in holding cells."

18         Plaintiff asserts a threat to safety claim in Count One and alleges the following

19   facts:  Plaintiff experienced "shoulder to shoulder contact" in the Fourth Avenue court

20   complex holding cell, the Towers Jail property holding cell, and the medical holding cell.

21   Inmates had to sit on the floor and were required to stand for long periods of time which

22   "leads to hostile environment due to insufficient seating."  This condition was "per policy

23   set forth by MCSO Sheriff Joe Arpaio et-al."  Plaintiff suffered "mental anguish and

24   stress" and a "threat to personal safety and health."

25         In Count Two, Plaintiff asserts he was denied basic necessities and alleges the

26   following facts.  Per Defendant Arpaio's policy, toilets in the holding cells are not

27   sanitized on a regular basis, the faucet valves are inoperative, and mold grows on the

28   walls and around the "toilet/sink combo."  Cells are not cleaned or sanitized prior to the

1   arrival of inmates and there was a lack of cleaning supplies.  One rag was provided to
2   clean and sanitize all the surfaces in the cells and there were no trash bags during lock
3   down.  As a result, Plaintiff suffered the threat of staph infections and his health was at
4   risk, causing undo stress.

5   **IV.   Failure to State a Claim**

6          To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants
7   (2) under color of state law (3) deprived him of federal rights, privileges or immunities
8   and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th
9   Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d
10  1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific
11  injury as a result of the conduct of a particular defendant and he must allege an
12  affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*,
13  423 U.S. 362, 371-72, 377 (1976).

14         **A.   *Graves v. Arpaio***

15         Plaintiff seeks relief pursuant to judgment entered in *Graves v. Arpaio*, CV 77-
16  00479-PHX-NVW, formerly *Hart v. Hill* (D. Ariz.).  However, Plaintiff may not enforce
17  the decrees entered in *Graves* in a separate civil rights action.  *See Cagle v. Sutherland*,
18  334 F.3d 980, 986 (11th Cir. 2003); *Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996);
19  *DeGidio v. Pung* , 920 F.2d 525, 534 (8th Cir.1990); *Green v. McKaskle*, 788 F.2d 1116,
20  1122-23 (5th Cir. 1986).  Moreover, standing alone, remedial orders, such as those
21  entered in *Graves*, cannot serve as a substantive basis for a § 1983 claim for damages
22  because such orders do not create "rights, privileges, or immunities secured by the
23  Constitution and laws."  *Green*, 788 F.3d at 1123-24.  Rather, remedial decrees are the
24  means by which unconstitutional conditions are corrected.  *Id.* at 1123.  For these
25  reasons, Plaintiff may not properly seek § 1983 relief to enforce *Graves* in this action and
26  he fails to state a claim to the extent that he seeks relief pursuant to *Graves*.

27  . . . .

28  . . . .

JDDL-K

1

**B.     Arpaio**

2       Plaintiff sues Maricopa County Sheriff Arpaio.  While Arpaio may be sued for

3   constitutional violations, Plaintiff fails to state a claim against him.  "A plaintiff must

4   allege facts, not simply conclusions, that show that an individual was personally involved

5   in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

6   Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege

7   that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of

8   Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citation omitted).  Further, there is no

9   respondeat superior liability under § 1983, so a defendant's position as the supervisor of

10  someone who allegedly violated a plaintiff's constitutional rights does not make him

11  liable.  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Taylor v.

12  List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).   A supervisor in his

13  individual capacity "is only liable for constitutional violations of his subordinates if the

14  supervisor participated in or directed the violations, or knew of the violations and failed

15  to act to prevent them."  *Taylor*, 880 F.2d at 1045.

16      In this case, Plaintiff does not allege that Arpaio directly violated his constitutional

17  rights.  Moreover, Plaintiff does not allege facts to support that Plaintiff's constitutional

18  rights were violated as a result of a *specific* policy or custom promulgated or endorsed by

19  Arpaio.  Rather, Plaintiff makes the vague allegation that the conditions alleged in his

20  Complaint are "per policy set forth by Sheriff Joe Arpaio."  Although *pro se* pleadings

21  are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and

22  vague allegations will not support a cause of action, *Ivey v. Bd. of Regents of the Univ. of

23  Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil

24  rights complaint may not supply essential elements of the claim that were not initially

25  pled.  *Id*.  Accordingly, Plaintiff fails to state a claim against Defendant Arpaio and he

26  will be dismissed.

27  . . . .

28  . . . .

1

## C.     Failure to Allege a Constitutional Violation

2          Section 1983 provides a cause of action against persons acting under color of state

3   law who have violated rights guaranteed by the United States Constitution and federal

4   law.  42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir.

5   1995).  Plaintiff has failed to allege any constitutional or federal-law violations.

6          A pretrial detainee's claim for unconstitutional conditions of confinement arises

7   from the Fourteenth Amendment Due Process Clause rather than from the Eighth

8   Amendment prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441 U.S.

9   520, 535 and n.16 (1979).  Nevertheless, the same standards are applied, requiring proof

10  that the defendant acted with deliberate indifference.  *See Frost v. Agnos*, 152 F.3d 1124,

11  1128 (9th Cir. 1998).

12         Deliberate indifference is a higher standard than negligence or lack of ordinary

13  due care for the prisoner's safety.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  To

14  state a claim of deliberate indifference, plaintiffs must meet a two-part test.  "First, the

15  alleged constitutional deprivation must be, objectively, sufficiently serious"; and the

16  "official's act or omission must result in the denial of the minimal civilized measure of

17  life's necessities."  *Id.* at 834 (internal quotations omitted).  Second, the prison official

18  must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate

19  indifference to inmate health or safety."  *Id.* (internal quotations omitted).  In defining

20  "deliberate indifference" in this context, the Supreme Court has imposed a subjective

21  test: "the official must both be aware of facts from which the inference could be drawn

22  that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at

23  837 (emphasis added).

24         Even if Plaintiff had named proper Defendants, the Court would be unable to

25  construe his claims as raised pursuant to the Fourteenth Amendment because he has

26  failed to allege facts showing that a specific, individually named Defendant was aware of

27  a serious risk of harm to Plaintiff and failed to act.  Accordingly, Plaintiff has failed to

28  state a claim in either of his grounds for relief.

1   **V.     Leave to Amend**

2          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

3   state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a

4   first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will

5   mail Plaintiff a court-approved form to use for filing a first amended complaint.   If

6   Plaintiff fails to use the court-approved form, the Court may strike the amended

7   complaint and dismiss this action without further notice to Plaintiff.

8          If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

9   telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name

10   of the Defendant who violated the right; (3) exactly what that Defendant did or failed to

11   do; (4) how the action or inaction of that Defendant is connected to the violation of

12   Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of

13   that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

14          Plaintiff must repeat this process for each person he names as a Defendant.  If

15   Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

16   injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

17   failure to state a claim.   **Conclusory allegations that a Defendant or group of**

18   **Defendants has violated a constitutional right are not acceptable and will be**

19   **dismissed**.

20          Plaintiff must clearly designate on the face of the document that it is the "First

21   Amended Complaint."   The first amended complaint must be retyped or rewritten in its

22   entirety on the court-approved form and may not incorporate any part of the original

23   Complaint by reference.  Plaintiff may include only one claim per count.

24          A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

25   963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

26   F.2d 1542, 1546 (9th Cir. 1990).   After amendment, the Court will treat an original

27   complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

28   in the original complaint and that was voluntarily dismissed or was dismissed without

JDDL-K

- 7 -

prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.   Warnings**

    **A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.   Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

JDDL-K

**IT IS ORDERED:**

(1)     Plaintiff's "Motion to Proceed In Forma Pauperis and Supporting Information" (Doc. 9) is **granted**.  Plaintiff may continue this lawsuit *in forma pauperis* and without paying the filing fee.

(2)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 10th day of June, 2014.

_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                 1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>           Attorney for Defendant(s)
> _____
> (Signature)

9. Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____ , | ) |
| (Full Name of Plaintiff)    Plaintiff, | ) |
| | ) |
| vs. | ) **CASE NO.** _____ |
| | )         (To be supplied by the Clerk) |
| (1) _____ , | ) |
| (Full Name of Defendant) | ) |
| (2) _____ , | ) |
| | ) **CIVIL RIGHTS COMPLAINT** |
| (3) _____ , | ) **BY A PRISONER** |
| | ) |
| (4) _____ , | ) ☐ Original Complaint |
| Defendant(s). | ) ☐ First Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) ☐ Second Amended Complaint |

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 5/1/2013                                        1                                        **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

   b.  Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

   c.  Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   - ☐ Basic necessities            ☐ Mail             ☐ Access to the court         ☐ Medical care
   - ☐ Disciplinary proceedings     ☐ Property         ☐ Exercise of religion        ☐ Retaliation
   - ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?                ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?       ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.

☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care

☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation

☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.   **Administrative Remedies.**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes   ☐ No

b.   Did you submit a request for administrative relief on Count II?      ☐ Yes   ☐ No

c.   Did you appeal your request for relief on Count II to the highest level?      ☐ Yes   ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                                ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?             ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?    ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.